McKinney, J.,
delivered the opinion of the court.
This was a scire facias to revive a judgment rendered by a justice of the peace of Maury county, on the 26th of September, 1839, for the sum of $68, in favor of McKissack & Co., against Harman Miller.
The defendant, Miller, died in 1848, and on the 6th of Hovember of that year, the defendant in error was appointed administrator of his estate. The scire facias issued on the 14th of March, 1853. The defendant pleaded the limitation of two years, declared by the act of 1789. To this there- was a replication that the plaintiffs delayed to sue out execution upon said judgment at the special request of the administrator, &c. The jury found for the defendant, and judgment was rendered accordingly.
*472 The error assigned is in the charge of the. court. The part of the charge excepted to, is the instruction that “ a request to delay until the representative can collect the debts of the estate, or jmtil he can collect money, is not a special request, or a sufficiently definite time.”
It is asserted for the defendant in error, that this instruction is fully supported by the case of Trate vs. Wert, 9 Yerg. R., 433. It is not our purpose to question the correctness of the doctrine of that case, in its application as between creditors of the estate and the personal representatives; but we do not deem it proper to press it any further. If the question were an open one it might perhaps admit of some doiibt whether, in the exposition of the proviso to the fourth section of the act of 1789, it is not going very far, to hold that, by a “ special request ” for delay, is meant a stipulation for special delay for a definite time of indulgence. It is certainly true, as said in that case, that this provision of the statute was designed not for the benefit of the personal representative, but for those interested in the estate. But it is no less true, that in some instances, where the number of creditors is large, and the estate in an unsettled condition, it may be greatly for the benefit of those interested therein, that such delay should be obtained as may enable the personal representative, in the exercise of proper diligence, to collect in the assets and provide the means of discharging the debts, so as to save the enormous sacrifice which sometimes happens, resulting from forced sales of property and the payment of costs of suit. In considering the case of Trate vs. Wert, it is neces *473 sary to refer to tlie state of facts upon which, the decision rests. In that case, to a plea of the statute of two years, the plaintiffs replied in substance, a demand and payment of part of their debt by the administrator, within two years from the time of his qualification, and that at the time of making said payment he “specially requested plaintiff to delay bringing suit against him for the balance, for a short time, whereupon, &c. But the proof was, according to the report of the case, that the administrator, at the time he paid part of the debt, merely promised to pay the balcmce soon. There really appears to have been no request for delay, whatever; and even if there had .been, the promise to pay soon was properly considered as too vague and indefinite.
This subject came under review again in a subsequent case, (Pucket vs. James, 2 Humph., 565,) and it was held in that case, that a request for indulgence “till the land should be paid fox’, was sufficiently definite. That a stipulation for delay for á specific length of time, was not necessary; and that delay for such a period of time would enable the administrator to effect a certain specified end, or “until he could accomplish a certain event, named and stipulated in the request,” was sufficiently definite.
The principle of that case has been approved and reaffirmed in later cases, not reported. And it seems to us, that the request in that case is not more definite than the request in the case under consideration.
To the argument that, upon this doctrine it is placed in the power of the personal representative of the estate, by his negligence to postpone the creditors, and *474 likewise the distributees for an' unreasonable length of time. The answer is, that the remedy against improper delay is in their own hands. The law affords them, respectively, ample means of coercing the executor or administrator to" a prompt discharge of his duties.
The judgment of the circuit court is erroneous, and will be reversed.